IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE STEWART,<br>Institutional I.D. No. 906797,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER FNU JOHNSON, *et al.*,<br><br>Defendants. | § § § § § § § § § § § § | <br><br><br><br><br>Civil Action No. 1:14-CV-158-BL<br><br><br><br>Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Michael Stewart, a *pro se* inmate, originally filed his complaint pursuant to 42 U.S.C. § 1983 on May 28, 2014, in the Southern District of Texas. Plaintiff was being transported in a Texas Department of Criminal Justice (TDCJ) bus in Houston, when it rear-ended a vehicle. Plaintiff was pinned between seats in an unnatural position for a prolonged period of time until rescue workers could free him. In the following months, Plaintiff was housed in various TDCJ units across the state. His original complaint alleged that he had been denied proper medical treatment by various TDCJ officials at the various units. United States District Judge Nancy Atlas severed Plaintiff's claims by judicial district, transferring the claims against officials at TDCJ's French Robertson Unit to the Abilene Division of the Northern District of Texas. U.S. District Judge Sam Cummings assigned the case to this court to conduct a screening process pursuant to 28 U.S.C. § 1915A. On March 27, 2015, Plaintiff testified at an evidentiary hearing before this court pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff has not consented to proceed before a United States Magistrate Judge.

At his *Spears* hearing, Plaintiff identified an additional corrections officer that he failed to mention in his written complaint, Cory Clinkenbeard. The factual circumstances giving rise to

this complaint involve Clinkenbeard to essentially the same extent they involve officers Johnson and Castillo, who Plaintiff named in his original complaint. Filed of even date is an order to the Clerk of the Court to add Clinkenbeard as a defendant in the instant action.

## I. BACKGROUND

The events giving rise to the present suit occurred at the Robertson Unit, into which Plaintiff was transferred on or about September 5, 2012. Plaintiff claims he was moved to Robertson for the express purpose of obtaining medical treatment for his bus crash-related injuries at an outside facility near Robertson in Abilene, Texas.

Since the bus crash, Plaintiff alleges he has experienced "excruciating intense shooting pain" in his lower back, left leg, and left foot. This pain made ambulating very difficult for Plaintiff. Accordingly, Plaintiff had occasionally been issued wheelchair passes to save him walking from place to place. Plaintiff had a temporary wheelchair pass that had expired on September 24, 2012. On September 25, Plaintiff was scheduled for an appointment with the outside medical facility. Defendants Clinkenbeard and Castillo were to escort Plaintiff from his cell in Robertson down a corridor to a van which would transport Plaintiff to the medical facility. Because Plaintiff's wheelchair pass had expired, Defendants provided Plaintiff with no wheelchair. Plaintiff was shackled and cuffed in his cell. The cell door was opened, and Castillo and Clinkenbeard waited for Plaintiff to begin walking to the van. Plaintiff managed to walk only a short distance before his pain was too great to continue on his own power. He fell to the floor. Plaintiff claims he asked Clinkenbeard and Castillo for help, but Plaintiff's wheelchair pass having expired, they did not secure one for him. They told him if he was not able to walk to the van, he would not be able to go to his medical appointment. Plaintiff could not continue on. Defendant Johnson was called for assistance. Unable to move from where he lay, Plaintiff claims

Clinkenbeard, Castillo, and Johnson took hold of his restraint belt and jumpsuit and dragged him back into his cell. Plaintiff was uncuffed and unshackled and left on the floor of his cell. Plaintiff requests monetary damages from each of the defendants.

## II. SCREENING

Pursuant to 28 U.S.C. § 1915A(b)(1), this court must dismiss a claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See also Jones v. Bock*, 549 U.S. 199 (2007) (discussing 1915A's purpose of screening out the many frivolous, meritless prisoner suits filed in federal district courts). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (In determining whether dismissal is required, the court must assume all Plaintiff's factual allegations are true.).

## III. DISCUSSION

Plaintiff alleged that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. An Eighth Amendment claim has both a subjective and an objective element. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, sufficiently serious . . . [such that] a prison official's act or omission [results] in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks and citations omitted). Second, "a prison official must have sufficiently culpable state of mind," *i.e.*, the official must act with "deliberate indifference." *Id.* A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the

…

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleged that TDCJ officials informed him that he was being temporarily transferred to Robertson for the express purpose of obtaining medical treatment at an outside facility near Robertson in Abilene. Plaintiff alleged that originally he was scheduled for his outside appointment on September 10 or 11, but was unable to make it for an unspecified reason. Plaintiff's appointment was rescheduled for September 25. Plaintiff alleged that Defendants were aware that he was in serious pain, yet they failed to summon medical help for him. Plaintiff stated that TDCJ policy requires that in circumstances where an inmate can no longer carry on under his own power, unit medical personnel are contacted. Medical personnel would either bring a wheelchair or a stretcher to transport Plaintiff back to his cell. Plaintiff alleged that Defendants knew of this policy, yet failed to follow it. Plaintiff alleged Defendants knew that dragging him along the ground would cause him great pain, and Defendants dragged him along the ground anyway.

Plaintiff's allegations, if true, demonstrate that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health. Plaintiff has, therefore, sufficiently alleged a claim of deliberate indifference against Defendants. *See Farmer*, 511 U.S. at 834, 837; *Twombly*, 550 U.S. at 555; *Bradley*, 157 F.3d at 1025.

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendants Johnson, Castillo, and Clinkenbeard be required to file an answer or other responsive pleading in this case.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleged that TDCJ officials informed him that he was being temporarily transferred to Robertson for the express purpose of obtaining medical treatment at an outside facility near Robertson in Abilene. Plaintiff alleged that originally he was scheduled for his outside appointment on September 10 or 11, but was unable to make it for an unspecified reason. Plaintiff's appointment was rescheduled for September 25. Plaintiff alleged that Defendants were aware that he was in serious pain, yet they failed to summon medical help for him. Plaintiff stated that TDCJ policy requires that in circumstances where an inmate can no longer carry on under his own power, unit medical personnel are contacted. Medical personnel would either bring a wheelchair or a stretcher to transport Plaintiff back to his cell. Plaintiff alleged that Defendants knew of this policy, yet failed to follow it. Plaintiff alleged Defendants knew that dragging him along the ground would cause him great pain, and Defendants dragged him along the ground anyway.

Plaintiff's allegations, if true, demonstrate that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff's health. Plaintiff has, therefore, sufficiently alleged a claim of deliberate indifference against Defendants. *See Farmer*, 511 U.S. at 834, 837; *Twombly*, 550 U.S. at 555; *Bradley*, 157 F.3d at 1025.

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Defendants Johnson, Castillo, and Clinkenbeard be required to file an answer or other responsive pleading in this case.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 6th day of April, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**